**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

WYNDHAM VACATION etc., et. al.,

     Plaintiffs,

v.

                                  Case No.: 6:18-CV-02171-GAP-DCI

REED HEIN, etc., et. al.

     Defendants.

_____/

**ANSWER TO AMENDED COMPLAINT WITH**
**REQUEST FOR JURY TRIAL**

Defendant, Mitchell Reed Sussman d/b/a/ The Law Offices of Mitchell Reed Sussman & Associates ("Defendant") hereby answers the Amended Complaint for Damages and Injunctive Relief (Doc. 63) (the "Complaint") as follows:

1.      This paragraph is a legal conclusion requiring no response. Otherwise, denied.

2.      Without knowledge and therefore denied.

3.      Denied.

4.      Without knowledge and therefore denied.

5.      Without knowledge and therefore denied.

6.      This paragraph includes legal conclusions which require no responses. Otherwise, denied.

7.      Admitted that Defendant has a retainer agreement with TET. Otherwise, denied.

8.      Denied.

9.      Admitted as to allegations regarding instructions for direct contact, but denied there is no contact whatsoever as powers of attorney are executed.  Otherwise, denied.

10.     Denied.

11.     Denied.

12.     Without knowledge and therefore denied.

13.     Without knowledge and therefore denied.

14.     Denied as to Defendant.  Otherwise without knowledge and therefore denied.

15.     Admitted.

16.     Without knowledge and therefore denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Without knowledge and therefore denied.

21.     Without knowledge and therefore denied.

22.     Without knowledge and therefore denied.

23.     The statute speaks for itself.  Otherwise, denied.

24.     Denied.

25.     Without knowledge and therefore denied.

26.     Denied.

27.     Denied.

28.     Denied.

## OVERVIEW OF THE COMPLAINT

29.     Denied.

30.     Admit that the Complaint requests damages and injunctive relief. Otherwise, denied.

## PARTIES, JURISDICTION, AND VENUE

31.     Without knowledge and therefore denied.

32.     Without knowledge and therefore denied.

33.     Without knowledge and therefore denied.

34.     Without knowledge and therefore denied.

35.     Without knowledge and therefore denied.

36.     Without knowledge and therefore denied.

37.     Without knowledge and therefore denied.

## THE DEFENDANTS

38.     Without knowledge and therefore denied.

39.      Without knowledge and therefore denied.

40.     Without knowledge and therefore denied.

41.     Without knowledge and therefore denied.

42.     Without knowledge and therefore denied.

43.     Without knowledge and therefore denied.

44.     Without knowledge and therefore denied.

45.     Admitted.

46.     Without knowledge and therefore denied.

47.     Without knowledge and therefore denied.

## SUBJECT MATTER JURISDICTION

48.     The statutes speak for themselves, otherwise without knowledge and therefore

denied.

## PERSONAL JURISDICTION

49.     Denied.

50.     Without knowledge and therefore denied.

51.     Denied.

## VENUE

52.     Without knowledge and therefore denied.

## CONDITIONS PRECEDENT, ATTORNEYS' FEES

53.     Denied.

54.     Without knowledge and therefore denied.

## BACKGROUND ON THE TIMESHARE INDUSTRY

55.     Without knowledge and therefore denied.

56.     Without knowledge and therefore denied.

57.     Denied.

58.     Without knowledge and therefore denied.

## THE WYNDHAM ENTITIES & THEIR "VALID" TIMESHARE CONTRACTS

59.     Without knowledge and therefore denied.

60.     Without knowledge and therefore denied.

61.     Without knowledge and therefore denied.

## BACKGROUND ON TIMESHARE "EXIT" COMPANIES AND THEIR PREDATORY SCHEMES TO DEFRAUD TIMESHARE OWNERS

62.     Admitted that timeshare owners wished to be released from their timeshare ownerships, otherwise without knowledge and therefore denied.

63.     Without knowledge and therefore denied.

64.     Without knowledge and therefore denied.

65.     Without knowledge and therefore denied.

66.     Without knowledge and therefore denied.

67.     Without knowledge and therefore denied.

68.     Without knowledge and therefore denied.

69.     Without knowledge and therefore denied.

70.     Without knowledge and therefore denied.

71.     Admitted that foreclosure is one type of successful, lawful release of a timeshare

owner's contract, otherwise without knowledge and therefore denied.

72.     Without knowledge and therefore denied.

73.     Without knowledge and therefore denied.

74.     Without knowledge and therefore denied.

75.     Without knowledge and therefore denied.

76.     Admitted.

77.     Without knowledge and therefore denied.

78.     Denied.

79.     Without knowledge and therefore denied.

**<u>PLAINTIFFS AND DEFENDANTS ARE DIRECT COMPETITORS</u>**

80.     Denied.

81.     Without knowledge and therefore denied.

82.     Without knowledge and therefore denied.

83.     Without knowledge and therefore denied.

84.     Without knowledge and therefore denied.

85.     Without knowledge and therefore denied.

86.     Without knowledge and therefore denied.

87.     Without knowledge and therefore denied.

88.     Without knowledge and therefore denied.

89.     Without knowledge and therefore denied.

90.     Without knowledge and therefore denied.

91.     Denied.

## FALSE ADVERTISING BY THE "THIRD PARTY EXIT" COMPANIES:SUCKERING THE CONSUMER AND TARGETING WYNDHAM

92.     Without knowledge and therefore denied.

93.     Without knowledge and therefore denied.

94.     Without knowledge and therefore denied.

95.     Without knowledge and therefore denied.

96.     Without knowledge and therefore denied.

97.     Without knowledge and therefore denied.

98.     Without knowledge and therefore denied.

99.     Without knowledge and therefore denied.

100.    Without knowledge and therefore denied.

101.    Without knowledge and therefore denied.

102.    Without knowledge and therefore denied.

103.    Without knowledge and therefore denied.

104.    Denied as to Defendant.  Otherwise without knowledge and therefore denied.

105.    Denied as to Defendant.  Otherwise without knowledge and therefore denied.

106.    Denied as to Defendant.  Otherwise without knowledge and therefore denied.

107.    Without knowledge and therefore denied.

108.    Without knowledge and therefore denied.

109.    Without knowledge and therefore denied.

110.     Without knowledge and therefore denied.

111.     Without knowledge and therefore denied.

**THE ATTORNEY DEFENDANTS**

112.     Denied.

113.     Admitted that Defendant has a retainer agreement with TET. Otherwise, without knowledge and therefore denied.

114.     Admitted that Defendant receives a flat fee for his services performed for timeshare owners and TET. Otherwise, without knowledge and therefore denied.

115.     Denied.

116.     Admitted that in the vast majority of instances Defendant does not meet or speak with the Wyndham Owners. Otherwise, denied.

117.     Denied.

118.     Admitted that Defendant's retainer agreement does not provide for the additional legal service of filing of legal action in state or federal court without an additional retainer agreement. Any retainer agreements speak for themselves.  Otherwise, denied.

119.     Without knowledge and therefore denied.

120.     Without knowledge and therefore denied.

121.     Without knowledge and therefore denied.

122.     Without knowledge and therefore denied.

123.     Without knowledge and therefore denied.

124.     Admitted that Exhibit 7 is a sample letter. Otherwise, denied.

125.     Without knowledge and therefore denied.

126.     Without knowledge and therefore denied.

127.     Without knowledge as to the Plaintiffs' treatment of litigious letters, therefore denied. Otherwise, denied.

128.     Denied.

## INDIVIDUAL LIABILITY

129.     Without knowledge and therefore denied.

130.     Without knowledge and therefore denied.

131.     Without knowledge and therefore denied.

132.     Without knowledge and therefore denied.

133.     Without knowledge and therefore denied.

134.     Without knowledge and therefore denied.

135.     Without knowledge and therefore denied.

136.     Without knowledge and therefore denied.

137.     Without knowledge and therefore denied.

138.     Denied.

## WYNDHAM'S RIGHT TO INJUNCTIVE RELIEF

139.     Denied.

140.     Denied.

141.     Denied.

142.     Denied.

143.     Denied.

144.     Denied.

145.     Denied.

146.     Denied.

147.    Denied.

## COUNT I

148.    Defendant incorporates by reference and realleges his responses to paragraphs 1–147, inclusive, as though more fully set forth herein.

149.    This paragraph includes no allegations against Defendant and therefore no response is required.  Otherwise, denied.

150.    This Count does not name Defendant and therefore no response by Defendant should be required.  However Plaintiff makes allegations concerning the "Defendants" in this paragraph, defined term in Plaintiff's Complaint that includes the Defendant.  To the extent that Plaintiff seeks to apply any of the allegations in this paragraph to Defendant, the same are denied.  Otherwise, without knowledge and therefore denied.

151.    This Count does not name Defendant and therefore no response by Defendant should be required.  However Plaintiff makes allegations concerning the "Defendants" in this paragraph, defined term in Plaintiff's Complaint that includes the Defendant.  To the extent that Plaintiff seeks to apply any of the allegations in this paragraph to Defendant, the same are denied.  Otherwise, without knowledge and therefore denied.

152.    This Count does not name Defendant and therefore no response by Defendant should be required.  However Plaintiff makes allegations concerning the "Defendants" in this paragraph, defined term in Plaintiff's Complaint that includes the Defendant.  To the extent that Plaintiff seeks to apply any of the allegations in this paragraph to Defendant, the same are denied.  Otherwise, without knowledge and therefore denied.

153.    This Count does not name Defendant and therefore no response by Defendant should be required.  However Plaintiff makes allegations concerning the "Defendants" in this

paragraph, defined term in Plaintiff's Complaint that includes the Defendant.  To the extent that Plaintiff seeks to apply any of the allegations in this paragraph to Defendant, the same are denied.  Otherwise, without knowledge and therefore denied.

154.    This Count does not name Defendant and therefore no response by Defendant should be required.  However Plaintiff makes allegations concerning the "Defendants" in this paragraph, defined term in Plaintiff's Complaint that includes the Defendant.  To the extent that Plaintiff seeks to apply any of the allegations in this paragraph to Defendant, the same are denied.  Otherwise, without knowledge and therefore denied.

155.    This Count does not name Defendant and therefore no response by Defendant should be required.  However Plaintiff makes allegations concerning the "Defendants" in this paragraph, defined term in Plaintiff's Complaint that includes the Defendant.  To the extent that Plaintiff seeks to apply any of the allegations in this paragraph to Defendant, the same are denied.  Otherwise, without knowledge and therefore denied.

156.    This Count does not name Defendant and therefore no response by Defendant should be required.  However Plaintiff makes allegations concerning the "Defendants" in this paragraph, defined term in Plaintiff's Complaint that includes the Defendant.  To the extent that Plaintiff seeks to apply any of the allegations in this paragraph to Defendant, the same are denied.  Otherwise, without knowledge and therefore denied.

157.    This Count does not name Defendant and therefore no response by Defendant should be required.  However Plaintiff makes allegations concerning the "Defendants" in this paragraph, defined term in Plaintiff's Complaint that includes the Defendant.  To the extent that Plaintiff seeks to apply any of the allegations in this paragraph to Defendant, the same are denied.  Otherwise, without knowledge and therefore denied.

158.     This Count does not name Defendant and therefore no response by Defendant should be required.  However Plaintiff makes allegations concerning the "Defendants" in this paragraph, defined term in Plaintiff's Complaint that includes the Defendant.  To the extent that Plaintiff seeks to apply any of the allegations in this paragraph to Defendant, the same are denied.  Otherwise, without knowledge and therefore denied.

159.     This paragraph includes no allegations against Defendant and therefore no response is required.  Otherwise, denied.

160.     This Count does not name Defendant and therefore no response by Defendant should be required.  However Plaintiff makes allegations concerning the "Defendants" in this paragraph, defined term in Plaintiff's Complaint that includes the Defendant.  To the extent that Plaintiff seeks to apply any of the allegations in this paragraph to Defendant, the same are denied.  Otherwise, without knowledge and therefore denied.

161.     This Count does not name Defendant and therefore no response by Defendant should be required.  However Plaintiff makes allegations concerning the "Defendants" in this paragraph, defined term in Plaintiff's Complaint that includes the Defendant.  To the extent that Plaintiff seeks to apply any of the allegations in this paragraph to Defendant, the same are denied.  Otherwise, without knowledge and therefore denied.

162.     This Count does not name Defendant and therefore no response by Defendant should be required.  However Plaintiff makes allegations concerning the "Defendants" in this paragraph, defined term in Plaintiff's Complaint that includes the Defendant.  To the extent that Plaintiff seeks to apply any of the allegations in this paragraph to Defendant, the same are denied.  Otherwise, without knowledge and therefore denied.

163.    This Count does not name Defendant and therefore no response by Defendant should be required.   However Plaintiff makes allegations concerning the "Defendants" in this paragraph, defined term in Plaintiff's Complaint that includes the Defendant.   To the extent that Plaintiff seeks to apply any of the allegations in this paragraph to Defendant, the same are denied.   Otherwise, without knowledge and therefore denied.

164.    This Count does not name Defendant and therefore no response by Defendant should be required.   However Plaintiff makes allegations concerning the "Defendants" in this paragraph, defined term in Plaintiff's Complaint that includes the Defendant.   To the extent that Plaintiff seeks to apply any of the allegations in this paragraph to Defendant, the same are denied.   Otherwise, without knowledge and therefore denied.

165.    This Count does not name Defendant and therefore no response by Defendant should be required.   However Plaintiff makes allegations concerning the "Defendants" in this paragraph, defined term in Plaintiff's Complaint that includes the Defendant.   To the extent that Plaintiff seeks to apply any of the allegations in this paragraph to Defendant, the same are denied.   Otherwise, without knowledge and therefore denied.

## COUNT II

166.    Defendant incorporates by reference and realleges his responses to paragraphs 1–147, inclusive, as though more fully set forth herein.

167.    Admitted that an action for contributory violation of the Lanham Act is purported, but denied that Count II states a cause of action.   Otherwise, denied.

168.    Without knowledge and therefore denied.

169.    Without knowledge and therefore denied.

170.    Denied.

171.     Denied.

172.     Denied.

173.     Denied.

174.     Denied.

175.     Denied.

176.     Admit that Plaintiffs seek an injunction. Otherwise, denied.

## COUNT III

177.      Defendant incorporates by reference and realleges his responses to paragraphs 1–147, inclusive, as though more fully set forth herein.

178.     This paragraph includes no allegations against Defendant and therefore no response is required.  Otherwise, denied.

179.     This paragraph includes no allegations against Defendant and therefore no response is required.  Otherwise, denied.

180.     This paragraph includes no allegations against Defendant and therefore no response is required.  Otherwise, denied.

181.     This paragraph includes no allegations against Defendant and therefore no response is required.  Otherwise, denied.

182.     This paragraph includes no allegations against Defendant and therefore no response is required.  Otherwise, denied.

183.     This paragraph includes no allegations against Defendant and therefore no response is required.  Otherwise, denied.

184.     This paragraph includes no allegations against Defendant and therefore no response is required.  Otherwise, denied.

185.     This paragraph includes no allegations against Defendant and therefore no response is required.  Otherwise, denied.

186.     This paragraph includes no allegations against Defendant and therefore no response is required.  Otherwise, denied.

187.     This paragraph includes no allegations against Defendant and therefore no response is required.  Otherwise, denied.

## COUNT IV

188.     Defendant incorporates by reference and realleges his responses to paragraphs 1–147, inclusive, as though more fully set forth herein.

189.     Admitted that an action for tortious interference with contractual relations is purported, but denied that Count IV states a cause of action.  Otherwise, denied.

190.     Without knowledge and therefore denied.

191.     Denied.

192.     Without knowledge and therefore denied.

193.     Denied.

194.     Denied.

195.     Denied.

196.     Denied.

197.     Denied.

198.     Denied.

199.     Denied.

200.     Admitted that TET is not a law firm. The remaining allegation of this paragraph is a legal conclusion and requires no response.  Otherwise, denied.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Denied.

208.    Denied.

209.    Denied.

210.    Denied.

211.    Denied.

212.    Denied.

213.    Denied.

## COUNT V

214.     Defendant incorporates by reference and realleges his responses to paragraphs 1–147, inclusive, as though more fully set forth herein.

215.    Admitted that an action for a FDUPTA violation is purported, but denied that Count V states a cause of action.  Otherwise, denied.

216.    This paragraph includes legal conclusions which do not require a response.  The case law speaks for itself.  Otherwise, denied.

217.    This paragraph is blank and appears to be a typographical error.  No response required.

218.    Without knowledge and therefore denied.

219.   Without knowledge and therefore denied.

220.   Without knowledge and therefore denied.

221.   Denied.

222.   This paragraph includes legal conclusions which do not require a response.   The statutes and case law speak for themselves.   Otherwise, denied.

223.   This paragraph includes legal conclusions which do not require a response.   The statutes and case law speak for themselves.   Otherwise, denied.

224.   Denied.

225.   Denied.

226.   Denied.

227.   Denied.

## COUNT VI

228.   Defendant incorporates by reference and realleges his responses to paragraphs 1– 147, inclusive, as though more fully set forth herein.

229.   Admitted that an action for a conspiracy is purported, but denied that Count VI states a cause of action.   Otherwise, denied.

230.   Denied.

231.   Denied.

232.   Denied.

233.   Denied.

234.   Denied as to Defendant.   Otherwise without knowledge and therefore denied.

235.   Denied.

236.   Denied.

237.    Denied.

238.    Denied as to Defendant.  Otherwise without knowledge and therefore denied.

239.    Denied.

240.    Denied.

241.    Denied.

242.    Denied.

243.    Denied.

244.    Denied.

245.    All other allegations not addressed above are hereby denied.

## AFFIRMATIVE DEFENSES

Without regard to which party bears the burden of proof and without waiving its right to require Plaintiffs to prove each and every element of each claim asserted in the Amended Complaint, Defendant asserts the following affirmative defenses to the claims set forth in the Plaintiffs' Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

Counts II, IV, V, and VI fail to state a cause of action.

## SECOND AFFIRMATIVE DEFENSE

Counts II, IV, V, and VI are barred by the statute of limitations to the extent any of the actions complained of against Defendant occurred outside of specific statutes of limitations for each Count.

## THIRD AFFIRMATIVE DEFENSE

Counts II, IV, V, and VI are barred by the doctrines of waiver, acquiescence, and estoppel as much of the conduct alleged by Plaintiffs to be wrongful has been accepted by Plaintiffs for years.

## FOURTH AFFIRMATIVE DEFENSE

Counts II, IV, V, and VI are barred by the doctrine of laches as Plaintiffs have waited years to bring this action since the complained of conduct by Defendants began.

## FIFTH AFFIRMATIVE DEFENSE

Counts II, IV, V, and VI are barred by the Noerr-Pennington Doctrine. This Defendant is a lawyer and the alleged wrongful conduct of this Defendant is nothing more than acts reasonably attendant to litigation and was for the purpose of securing a favorable outcome for the subject timeshare owners and to protect and advance said owners' legal rights

## SIXTH AFFIRMATIVE DEFENSE

Counts II, IV, V, and VI are barred by the litigation privilege and his entitlement to litigation immunity as this Defendant is a lawyer providing legal services.

## SEVENTH AFFIRMATIVE DEFENSE

Counts II, IV, V, and VI are barred the intra-corporate conspiracy doctrine as Defendant is an agent and acted on behalf of his principals, including without limitation, certain Wyndham Owners and TET.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs lack standing to pursue the remedies sought in Counts II, IV, V, and VI as the causes of action do not allege a legally recognizable injury to the Plaintiffs but appear to be derivative of alleged injuries of nonparties.

## NINTH AFFIRMATIVE DEFENSE

Counts II, IV, V, and VI fail to the extent they inhibit the Defendant's First Amendment rights to petition for redress before judicial branches of the government, to provide personal legal

advice to his clients in their best interests, and to provide effective representation to Defendant's clients to associate with the lawyer of their choosing.

## TENTH AFFIRMATIVE DEFENSE

This Defendant is privileged as the attorney and agent for each of the clients to act on the client's behalf.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that this action is based upon Defendant's legal advice, Defendant is privileged to give it.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiffs have failed to mitigate their damages, if any, as, for example, they can return timeshare interests to their inventory and resell them at a profit to Plaintiffs, which is in fact what they do.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs fail to identify the specific contracts (or relationships) with which Defendant allegedly interfered or allegedly conspired to interfere.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs have failed to allege sufficient facts that Defendant's actions amounted to direct and intentional interference.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims under the Lanham Act are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

## SIXTEENTH AFFIRMATIVE DEFENSE

Counts II, IV, V, and VI are barred, in whole or in part, because an agent is not liable for

the torts of his principal and Defendant is not liable for the acts of others over whom it has no control as Defendant does not control TET or the alleged advertisements or other actions alleged as wrongful.

<u>**SEVENTEENTH AFFIRMATIVE DEFENSE**</u>

The Plaintiffs' claims for equitable relief are barred because Plaintiffs cannot show that they will suffer any irreparable harm from Defendant's actions. The alleged injury or damage suffered by Plaintiffs, if any, would be adequately compensated by damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable relief.

<u>**EIGHTEENTH AFFIRMATIVE DEFENSE**</u>

Counts II, IV, V, and VI are barred, in whole or in part, because Defendants' speech is protected by the First Amendment and Defendants have not made any of the representations with malice or in bad faith.

<u>**NINETEENTH AFFIRMATIVE DEFENSE**</u>

Count II is barred because the requested relief, if granted, would not be in the public interest.

<u>**DEMAND FOR JURY TRIAL**</u>

Defendant hereby demands a trial by jury on issues so triable.

**WHEREFORE,** the Defendant prays that the Plaintiffs receive nothing by way of their Amended Complaint, that Defendant be awarded reasonable attorney fees and costs of suit, and that such other and further relief be granted as is just and proper.

Dated: July 1, 2019.

<em>/s/ John J. Bennett</em>

Michael A. Nardella, Esq.
Florida Bar No. 51265
John J. Bennett, Esq.
Florida Bar No. 98257
**NARDELLA & NARDELLA, PLLC**
250 East Colonial Drive, Suite 102
Orlando, FL 32801
(407) 966-2680
mnardella@nardellalaw.com
jbennett@nardellalaw.com
service@nardellalaw.com

**COUNSEL FOR DEFENDANT MITCHELL R. SUSSMAN, ESQ.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of July, 2019, the foregoing was filed electronically with the Clerk of the Court using the Court's CM/ECF system which will send notice of electronic filing to all CM/ECF participants.

*/s/ John J. Bennett*
John J. Bennett