# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., WYNDHAM RESORT DEVELOPMENT CORPORATION, SHELL VACATIONS, LLC, SVC-WEST, LLC, SVC-AMERICANA, LLC and SVC-HAWAII, LLC,**

        **Plaintiffs,**

**v.**
                                 **Case No:   6:18-cv-2171-Orl-31DCI**

**REED HEIN & ASSOCIATES, LLC, BRANDON REED, TREVOR HEIN, THOMAS PARENTEAU, HAPPY HOUR MEDIA GROUP, LLC, MITCHELL R. SUSSMAN and SCHROETER GOLDMARK & BENDER, P.S.,**

        **Defendants.**

_____

## ORDER

This Matter come before the Court on the Emergency Motion to Stay the April 27, 2020 Order (Doc. 190), filed by Schroeter, Goldmark & Bender, P.S. ("SGB") and the Response (Doc. 192) filed by the Plaintiffs.

SGB seeks an emergency stay of this Court's Order (Doc. 184) compelling the production of materials that SGB claims are privileged until the resolution of a related Petition for Writ of Mandamus now pending in the Eleventh Circuit.[1]

---

[1] Notably, to the extent there was any emergency, SGB is the author of its own misfortune. The "emergency" motion was filed on the evening of the production deadline, on the Friday before Memorial Day weekend, weeks after the Order was entered.

"In order to be entitled to a stay, Defendant must demonstrate: 1) that it is likely to prevail on the merits of appeal; 2) that absent a stay, it will suffer irreparable harm; 3) that the Plaintiffs will not suffer substantial harm from the issuance of the stay; and 4) that the public interest will be served by issuing the stay." *Amerisure Mut. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, No. 2:12-CV-443-FTM-29CM, 2014 WL 12617769, at *1 (M.D. Fla. May 12, 2014). If there is a "substantial case on the merits" and the balancing of equities weighs heavily in favor of the stay, a court may grant the stay even if the defendant fails to show a likelihood of success. *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). A writ of mandamus can only succeed if the party seeking relief shows that its right to that relief is "clear and indisputable." *United States v. Shalhoub*, 855 F.3d 1255, 1259 (11th Cir. 2017).

As the Court's Order of April 27, 2020 indicated, SGB failed to uphold its burden of showing that the documents in question were privileged. Nothing in SGB's instant Motion remedies that failure. Because SGB has never articulated why the particular documents it seeks to protect are privileged, it is not likely to prevail on appeal. SGB appears to realize this, arguing instead that it has demonstrated "at least a 'substantial case' on the merits." Doc. 190 at 9. But SGB has not done that here, either. Conclusory statements about privilege, devoid of any connection to the categorical privilege logs, do not create a substantial case on the merits. Accordingly, SBG's Motion (Doc. 190) is **DENIED**.

SGB is hereby **ORDERED** to produce the documents no later than 4:00 PM EDST on June 12, 2020, unless the Eleventh Circuit orders otherwise.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 29, 2020.



_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party