UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., WYNDHAM RESORT DEVELOPMENT CORPORATION, SHELL VACATIONS, LLC, SVC-WEST, LLC, SVC-AMERICANA, LLC, AND SVC-HAWAII, LLC,

CASE NO. 6:18-cv-2171-Orl-31TBS

Plaintiffs,

vs.

REED HEIN & ASSOCIATES, LLC, BRANDON REED, TREVOR HEIN, THOMAS PARENTEAU, HAPPY HOUR MEDIA GROUP, LLC, MITCHELL R. SUSSMAN, KEN B. PRIVETT AND SCHROETER GOLDMARK & BENDER, P.S.,

Defendants.

__________________________ /

**PROPOSED JURY INSTRUCTIONS**

Exhibit 8

**PROPOSED JURY INSTRUCTIONS**

**PRELIMINARY INSTRUCTIONS**

1. Eleventh Circuit Pattern Instruction 1.1 General Preliminary Instruction

2. Eleventh Circuit Pattern Instruction 2.1 Stipulations

3. Eleventh Circuit Pattern Instruction 2.2 Use of Depositions

4. Eleventh Circuit Pattern Instruction 1.5 Interim Statements

5. Eleventh Circuit Pattern Instruction 1.4 Jury Questions

**GENERAL INSTRUCTIONS AT THE CLOSE OF EVIDENCE**

6. Eleventh Circuit Pattern Instruction 3.1 Introduction

7. Eleventh Circuit Pattern Instruction 3.2.2 Duty to Follow Instructions - Corporate Party Involved

8. Eleventh Circuit Pattern Instruction 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

9. Eleventh Circuit Pattern Instruction 3.4 Credibility of Witnesses

10. Eleventh Circuit Pattern Instruction 3.5.1 Impeachment of Witnesses because of Inconsistent Statements

11. Eleventh Circuit Pattern Instruction 3.7.1 Responsibility for Proof - Plaintiff's Claims, Cross Claims, Counterclaims - Preponderance of the Evidence

12. Eleventh Circuit Pattern Instruction 3.8.1 Duty to Deliberate when only the Plaintiff Claims Damages

13. Florida Civil Jury Instructions 601.4 Multiple Parties, Separate Claims

14. Eleventh Circuit Pattern Instruction 3.6.2 Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income

**SUBSTANTIVE CAUSES OF ACTION AND AFFIRMATIVE DEFENSES**

15. Civil Conspiracy (Plaintiffs' and Defendant's Contested)

16. Florida Deceptive and Unfair Trade Practices (Plaintiffs' and Defendant's Contested)

17. Waiver (Contested)

18. Estoppel (Contested)

<u>PROPOSED JURY INSTRUCTION # 1</u>

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the

remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is.

For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions.

Burden of proof:

Plaintiffs have the burden of proving their case by what the law calls a "preponderance of the evidence." That means the Plaintiffs (collectively, the "WYNDHAM PARTIES" and individually a "WYNDHAM PARTY") must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring the WYNDHAM PARTIES and the evidence favoring MR. SUSSMAN on opposite sides of balancing scales, the WYNDHAM PARTIES needs to make the scales tip to their side. If the WYNDHAM PARTIES fail to meet this burden, you must find in favor of Defendant MR. SUSSMAN.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called “affirmative defenses,” MR. SUSSMAN has the burden of proving the elements of a defense by a preponderance of the evidence. I’ll instruct you on the facts MR. SUSSMAN must prove for any affirmative defense. After considering all the evidence, if you decide that MR. SUSSMAN has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you’re a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn’t even talk about the case with each other until you begin your deliberations. You want to make sure you’ve heard everything – all the evidence, the lawyers’ closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn’t Google or search online or offline for any information about the case, the parties, or the law. Don’t read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It’s very important that you understand why these rules exist and why they’re so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it’s important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiffs, the WYNDHAM PARTIES, will present their witnesses and ask them questions. After the WYNDHAM PARTIES question the witness, Defendant MR. SUSSMAN may ask the witness questions – this is called "cross-examining" the witness. Then MR. SUSSMAN will present his witnesses, and the WYNDHAM PARTIES may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

Source: Eleventh Circuit Pattern Instruction 1.1 General Preliminary Instruction

GRANTED: ____________

DENIED: ____________

MODIFIED: ____________

WITHDRAWN: ____________

PROPOSED JURY INSTRUCTION # 2

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

Source: Eleventh Circuit Pattern Instruction 2.1 Stipulations

GRANTED: ____________

DENIED: ____________

MODIFIED: ____________

WITHDRAWN: ____________

PROPOSED JURY INSTRUCTION # 3

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions.

A court reporter is present and records the questions and answers.

The deposition of several witnesses taken on dates prior to this trial will be presented to you either by video or by reading the transcripts. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Source: Eleventh Circuit Pattern Instruction 2.2 Use of Depositions

GRANTED: ___________

DENIED: ___________

MODIFIED: ___________

WITHDRAWN: ___________

PROPOSED JURY INSTRUCTION # 4

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

Source: Eleventh Circuit Pattern Instruction 1.5 Interim Statements

GRANTED: ____________

DENIED: ____________

MODIFIED: ____________

WITHDRAWN: ____________

PROPOSED JURY INSTRUCTION # 5

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

Source: Eleventh Circuit Pattern Instruction 1.4 Jury Questions

GRANTED: ____________

DENIED: ____________

MODIFIED: ____________

WITHDRAWN: ____________

PROPOSED JURY INSTRUCTION # 6

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

Source: Eleventh Circuit Pattern Instruction 3.1 Introduction

GRANTED: ___________

DENIED: ___________

MODIFIED: ___________

WITHDRAWN: ___________

PROPOSED JURY INSTRUCTION # 7

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

Source: Eleventh Circuit Pattern Instruction 3.2.2 Duty to Follow Instructions Corporate Party Involved

GRANTED: ___________

DENIED: ___________

MODIFIED: ___________

WITHDRAWN: ___________

PROPOSED JURY INSTRUCTION # 8

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.

There's no legal difference in the weight you may give to either direct or circumstantial evidence.

Source: Eleventh Circuit Pattern Instruction 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

GRANTED: ____________

DENIED: ____________

MODIFIED: ____________

WITHDRAWN: ____________

PROPOSED JURY INSTRUCTION # 9

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

Source: Eleventh Circuit Pattern Instruction 3.4 Credibility of Witnesses

GRANTED: ___________

DENIED: ___________

MODIFIED: ___________

WITHDRAWN: ___________

PROPOSED JURY INSTRUCTION # 10

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Source: Eleventh Circuit Pattern Instruction 3.5.1 Impeachment of Witnesses because of Inconsistent Statements

GRANTED: ___________

DENIED: ___________

MODIFIED: ___________

WITHDRAWN: ___________

PROPOSED JURY INSTRUCTION # 11

In this case it is the responsibility of the Plaintiffs, the WYNDHAM PARTIES, to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the WYNDHAM PARTIES' claim or claims are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the WYNDHAM PARTIES.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the WYNDHAM PARTIES' claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

Source: Eleventh Circuit Pattern Instruction 3.7.1 Responsibility for Proof -Plaintiff's Claims, Cross Claims, Counterclaims - Preponderance of the Evidence

GRANTED: ___________

DENIED: ___________

MODIFIED: ___________

WITHDRAWN: ___________

PROPOSED JURY INSTRUCTION # 12

Of course, the fact that I have given you instructions concerning the issue of the WYNDHAM PARTIES' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Source: Eleventh Circuit Pattern Instruction 3.8.1 Duty to Deliberate when only the Plaintiff Claims Damages

GRANTED: ___________

DENIED: ___________

MODIFIED: ___________

WITHDRAWN: ___________

In your deliberations, you are to consider several distinct claims. Although these claims have been tried together, each is separate from the other, and each party is entitled to have you separately consider each claim as it affects that party. Therefore, in your deliberations, you should consider the evidence as it relates to each claim separately, as you would had each claim been tried before you separately.

Source: Florida Civil Jury Instructions 601.4, Multiple Parties, Separate Claims

GRANTED: ___________

DENIED: ___________

MODIFIED: ___________

WITHDRAWN: ___________

PROPOSED JURY INSTRUCTION # 14

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.
When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

Source: 3.6.2 Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income

GRANTED: ____________

DENIED: ____________

MODIFIED: ____________

WITHDRAWN: ____________

PLAINTIFFS' PROPOSED JURY INSTRUCTION # 15
(CONTESTED)

The WYNDHAM PARTIES allege that MR. SUSSMAN engaged in a civil conspiracy with Reed, Hein & Associates, LLC, a/k/a Timeshare Exit Team ("TET") to tortiously interfere with existing contracts between the WYNDHAM PARTIES and certain timeshare owners.

The issues for you to decide on the WYNDHAM PARTIES' claim against MR. SUSSMAN are whether TET and MR. SUSSMAN came together to in a conspiracy to improperly and intentionally interfere with contracts between the WYNDHAM PARTIES and one or more Wyndham timeshare owners; and if so, whether such interference was the legal cause of the damage to the WYNDHAM PARTIES.

A person interferes with a contract between two or more other persons if he or she induces or otherwise causes one of them to breach or refuse to perform the contract. Intentional interference with another person's contract is improper. Interference is intentional if the person interfering knows of the contract with which he or she is interfering, knows he or she is interfering, and desires to interfere or knows that interference is substantially certain to occur as a result of his or her action.

A civil conspiracy is a combination between two or more persons to accomplish, by acting together, an unlawful purpose, or to accomplish a lawful act by unlawful means. In a civil conspiracy, all conspirators are liable for all

damages flowing from the conspiracy. Each co-conspirator need not act to further a conspiracy; each need only to know of the scheme and assist in some way to held responsible for all of the acts of his or her co-conspirators.

If the greater weight of the evidence does not show that MR. SUSSMAN and TET engaged in a conspiracy to interfere with the WYNDHAM PARTIES' contracts, your verdict should be for MR. SUSSMAN. However, if the greater weight of the evidence supports the WYNDHAM PARTIES' claim, then your verdict should be for the WYNDHAM PARTIES' and against MR. SUSSMAN.

**Damages**

If you find that TET and MR. SUSSMAN did not conspire to tortiously interference with any contract, you will not consider the matter of damages. But if you find for the WYNDHAM PARTIES and against MR. SUSSMAN then you should award the affected WYNDHAM PARTY or PARTIES an amount of money that the greater weight of the evidence shows will fairly and adequately compensate it for those damages caused by such conspiracy. This analysis should be done for each timeshare owner's contract on an individual basis.

Sources: 408.5 – Florida Standard Civil Jury Instructions

*Patten v. Daoud*, 12. So.2d 299, 301 (Fla. 1943),
*Rivers v. Dillards Department Store, Inc.*, 698 So.2d 1328, 1333 (Fla. 3rd DCA 1997)
*Blatt v. Green, Rose, Kahn & Piotrowski*, 456 So.2d 949 (Fla. 3rd DCA 1984)

*Bagattelle Condo Assn'n, Inc. v. Palm Beach Polo Holding, Inc.* Case No. 2007-CA-12159 (Fla. Palm Beach Cty. Ct. 2007)
*HRCC, Ltd. v. Hard Rock Cafe Int'l USA, Inc.*, 302 F. Supp. 3d 1319, 1325 (M.D. Fla. 2016)
*Westgate Resorts, Ltd. v. Mitchell Reed Sussman*, 6:17-cv-1467 at Doc. 254 (M.D. Fla. July 26, 2019)
*Morehead v. State*, 556 So. 2d 523, 524 (Fla. 5th DCA 1990)

GRANTED: ____________

DENIED: ____________

MODIFIED: ____________

WITHDRAWN: ____________

DEFENDANT'S PROPOSED JURY INSTRUCTION # 15
(CONTESTED)

The WYNDHAM PARTIES allege that MR. SUSSMAN engaged in a civil conspiracy with Reed, Hein & Associates, LLC, a/k/a the "Timeshare Exit Team" ("TET") to tortiously interfere with existing contracts between the WYNDHAM PARTIES and certain timeshare owners.

A civil conspiracy is a combination between two or more persons to accomplish, by acting together, an unlawful purpose, or to accomplish a lawful act by unlawful means. In a civil conspiracy, all conspirators are liable for all damages flowing from the conspiracy.

There is no independent action for civil conspiracy. A civil conspiracy requires that one of the conspirators has engaged in an underlying, or prerequisite tort. Therefore, to find M R. SUSSMAN liable for conspiracy, you must first find that TET is legally responsible and liable for a claim for tortious interference with contracts. If you find that TET was not liable for tortious interference with any contracts, then MR. SUSSMAN cannot be held liable for civil conspiracy and your verdict should be for MR. SUSSMAN.

To find TET liable for tortious interference with contracts, the WYNDHAM PARTIES must prove the following facts by a preponderance of the evidence for each timeshare contract that they claim TET interfered with:

1. The existence of a valid and legally enforceable contract between one or more of the WYNDHAM PARTIES and a timeshare or owners;

2. That TET knew about that contract;

3. That TET intentionally procured a breach of that contract;

4. That TET had no justification or privilege for the interference; and

5. A WYNDHAM PARTY or PARTIES suffered damages from that breach.

A person interferes with a contract between two or more other persons if he or she induces or otherwise causes one of them to breach or refuse to perform the contract.

Intentional interference with another person's contract is improper. Interference is intentional if the person interfering knows of the contract with which he or she is interfering, knows he or she is interfering, and desires to interfere or knows that interference is substantially certain to occur because of his or her action. You should consider these factors for each contract that the WYNDHAM PARTIES claim TET tortiously interfered with. That is, your decision on one owner's contract should not influence your decision on whether TET tortiously interfered with a WYNDHAM PARTY's contract with another owner.

To prove civil conspiracy, PLAINTIFFS must establish by a preponderance of the evidence that:

1. TET and MR. SUSSMAN conspired to do an unlawful act or to do a lawful act by unlawful means, in this case a tortious interference with contract by TET;
2. An overt act was done in pursuance of the conspiracy; and
3. Damage to the one or more of the WYNDHAM PARTIES occurred as a result of the acts done in furtherance of the conspiracy

If the greater weight of the evidence does not support the WYNDHAM PARTY's claim that MR. SUSSMAN conspired with TET to tortiously interfere with Wyndham's contracts, then your verdict should be for MR. SUSSMAN. However, if the greater weight of the evidence supports the WYNDHAM PARTIES' claim as to any of the contracts at issue, then your verdict should be for the WYNDHAM PARTY or PARTIES and against TET. In other words, the WYNDHAM PARTIES do not need to prove their claims with respect to each and every contract. Your verdict may be for the respective WYNDHAM PARTY against MR. SUSSMAN as to all contracts, none of the contracts, or some portion of the contracts.

**Agency Defense**

As a defense to the WYNDHAM PARTIES' claim of tortious interference by TET, MR. SUSSMAN has raised the defense of agency. MR. SUSSMAN contends that, TET's actions, as an agent of the timeshare owners, were privileged.

An “agent” is defined as one who is authorized to act for or in place of another. In an agency relationship, the party for whom another acts, and from whom the latter derives the authority to act, is referred to as the “principal,” while the other party who acts for and represents the principal, and who acquires his or her authority from the principal, is referred to as the “agent.”

An agency relationship exists if there is: (1) an acknowledgment by the principal that the agent will act for him or her; (2) the agent’s acceptance of the undertaking; and (3) control by the principal over the actions of the agent.

The agency relationship may be express or implied. The nature of the agency relationship between the parties is not controlled by descriptive labels employed by the parties themselves.

An agent generally cannot be held liable for tortiously interfering with a contract of its principal by giving honest advice that it is in the principal’s best interest to breach a contract, but an agent’s “privilege to interfere” with the contract of its principal is not absolute. However, this defense does not apply if an agent acts solely with ulterior purposes and the advice is not in the principal’s best interest.

Therefore, even if you find that TET interfered with a particular contract, if you also find that TET was an agent of that particular timeshare owner, and that TET was giving honest advice in that timeshare owner’s best interest, then you

must find that TET is not liable for tortious interference with that contract. If that is the case, then your verdict must be in favor of MR. SUSSMAN.

If you find that TET tortiously interfered with a contract or contracts between a WYNDHAM PARTY or PARTIES and certain timeshare owners, you should proceed with this instruction.

In addition, similar to tortious interference, an agent cannot conspire with his or her corporate principal or employer, or another such agent, because a conspiracy requires at least two actors, and a corporation is a single entity that can only act through its agents, officers, and employees. This principle is referred to as the "intra-corporate conspiracy doctrine."

As the term "agent" is defined earlier, this means that if you find that MR. SUSSMAN was acting as an agent for TET, they cannot, as a matter of law, be found to have conspired together. If you find, however, that MR. SUSSMAN was not an agent for TET, then you may decide whether there was or was not a conspiracy.

**<u>Damages</u>**

If you find that TET and MR. SUSSMAN did not conspire to commit tortious interference with any contract, you will not consider the matter of damages. But if you find for the WYNDHAM PARTIES and against MR. SUSSMAN then you should award the affected WYNDHAM PARTY or PARTIES an amount of money that the greater weight of the evidence shows will fairly and adequately

compensate it for those damages caused by TET and MR. SUSSMAN's conspiracy in the form of payments to Wyndham that were not made by each individual timeshare owner as a result of the conspiracy, from the time the conspiracy caused the owner to miss payments through the time Wyndham signed releases which released the owners from any contractual obligations.

This analysis should be done for each timeshare owner on an individual, per contract basis, and if any damages are found they should be added up solely for the individual contracts for which you find the timeshare owner missed payments as a result of a conspiracy between TET and MR. SUSSMAN.

Sources:

*Patten v. Daoud*, 12. So.2d 299, 301 (Fla. 1943),
*Rivers v. Dillards Department Store, Inc.*, 698 So.2d 1328, 1333 (Fla. 3rd DCA 1997)
*Blatt v. Green, Rose, Kahn & Piotrowski*, 456 So.2d 949 (Fla. 3rd DCA 1984)
*Bagattelle Condo Assn'n, Inc. v. Palm Beach Polo Holding, Inc.* Case No. 2007-CA-12159 (Fla. Palm Beach Cty. Ct. 2007)
*HRCC, Ltd. v. Hard Rock Cafe Int'l USA, Inc.*, 302 F. Supp. 3d 1319, 1325 (M.D. Fla. 2016)
*Westgate Resorts, Ltd. v. Mitchell Reed Sussman*, 6:17-cv-1467 at Doc. 254 (M.D. Fla. July 26, 2019)

GRANTED: ____________

DENIED: ____________

MODIFIED: ____________

WITHDRAWN: ____________

PLAINTIFFS' PROPOSED JURY INSTRUCTION # 16
(CONTESTED)

The Florida Deceptive and Unfair Trade Practices Act (hereinafter "FDUTPA") makes it illegal for anyone to engage in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts in the conduct of any trade or commerce.

The WYNDHAM PARTIES claim that MR. SUSSMAN engaged in deceptive or unfair acts or practices, causing damage to the WYNDHAM PARTIES.

To prove their claims, the WYNDHAM PARTIES may prove the following facts by a preponderance of the evidence:

1) MR. SUSSMAN engaged in a deceptive or unfair act or practice; and

2) MR. SUSSMAN's deceptive act or unfair practice was the legal cause of actual damage to each of the WYNDHAM PARTIES.

Alternatively, the WYNDHAM PARTIES may prove their claims by proving the following facts by a preponderance of the evidence:

1) TET engaged in a deceptive or unfair trade practice;

2) MR. SUSSMAN participated in TET's deceptive and unfair trade practice; and

3) TET's deceptive act or unfair practice was the legal cause of actual damage to each of the WYNDHAM PARTIES.

An act or practice is "deceptive" if it is likely to mislead a person or entity, acting reasonably in the circumstances, to the person or entity's detriment.

An act or practice is "unfair" if it offends established public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. An "unfair" practice or act must satisfy three tests:

a. it must produce substantial injury to the WYNDHAM PARTIES;

b. the injury must not be outweighed by a benefit to consumers that the practice produces; and

c. it must be an injury that the WYNDHAM PARTIES could not have reasonably avoided.

Engaging in a deceptive or unfair trade practice is a legal cause of loss if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, so that it can reasonably be said that, but for the violation, the loss would not have occurred.

You should consider these factors for each contract that the WYNDHAM PARTIES claim MR. SUSSMAN engaged in a deceptive or unfair trade practice with. That is, your decision on one owner's contract should not influence your decision on whether MR. SUSSMAN engaged in a deceptive or unfair trade practice with a WYNDHAM PARTY's contract with another owner.

If the preponderance of the evidence does not support a violation of FDUTPA, then your verdict should be for MR. SUSSMAN. However, if the greater

weight of the evidence supports a violation of FDUTPA then you must determine the damages, if any, sustained a WYNDHAM PARTY or PARTIES because of the violation.

Sources:

Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, et. seq.
*Rollins Inc. v. Butland*, 951 So.2d 860, 869 (Fla. 2d DCA 2006).
*Factory Direct Tires, Inc. v. Cooper Tire & Rubber Co.,* 2011 U.S. Dist. LEXIS 159599, *19 (N.D. Fla. 2011)
*Diamond Resorts Int'l, Inc. v. Aaronson,* 371 F. Supp. 3d 1088, 1115 (M.D. Fla. 2019) *Economakis v. Butler & Hosch, 2014* U.S. Dist. LEXIS 26779, *6-7 (F.D. Fla. 2014) (citing *PNR, Inc. v. Beacon Prop. Mgmt., Inc.,* 842 So.2d 773, 777 (Fla. 2003))
*Gibson v. Resort at Paradise Lakes, LLC, 2017* U.S. Dist. LEXIS 125980, *10 (M.D. Fla. 2017)

GRANTED: ____________

DENIED: ____________

MODIFIED: ____________

WITHDRAWN: ___________

DEFENDANT'S PROPOSED JURY INSTRUCTION # 16
(CONTESTED)

The Florida Deceptive and Unfair Trade Practices Act (hereinafter "FDUTPA") makes it illegal for anyone to engage in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts in the conduct of any trade or commerce.

The WYNDHAM PARTIES claim that MR. SUSSMAN engaged in deceptive or unfair acts or practices, causing damage to the WYNDHAM PARTIES.

To prove their claims, the WYNDHAM PARTIES must prove the following facts by a preponderance of the evidence:

4) MR. SUSSMAN engaged in a deceptive or unfair act or practice; and

5) The deceptive act or unfair practice was the legal cause of actual damage to each of the WYNDHAM PARTIES.

An act or practice is "deceptive" if it is likely to mislead a person or entity, acting reasonably in the circumstances, to the person or entity's detriment.

An act or practice is "unfair" if it offends established public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. An "unfair" practice or act must satisfy three tests:

c. it must produce substantial injury to the WYNDHAM PARTIES;

d. the injury must not be outweighed by a benefit to consumers that the practice produces; and

c. it must be an injury that the WYNDHAM PARTIES could not have reasonably avoided.

Engaging in a deceptive or unfair trade practice is a legal cause of loss if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, so that it can reasonably be said that, but for the violation, the loss would not have occurred.

You should consider these factors for each contract that the WYNDHAM PARTIES claim MR. SUSSMAN engaged in a deceptive or unfair trade practice with. That is, your decision on one owner's contract should not influence your decision on whether MR. SUSSMAN engaged in a deceptive or unfair trade practice with a WYNDHAM PARTY's contract with another owner.

If the preponderance of the evidence does not support a violation of FDUTPA, then your verdict should be for MR. SUSSMAN. However, if the greater weight of the evidence supports a violation of FDUTPA, then you must determine whether a WYNDHAM PARTY or PARTIES have been aggrieved by MR. SUSSMAN's conduct.

If you find that the WYNDHAM PARTIES have shown that MR. SUSSMAN violated FDUTPA, then you must determine the damages, if any, sustained a WYNDHAM PARTY or PARTIES because of the violation.

Sources:

Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, et. seq.
*Rollins Inc. v. Butland*, 951 So.2d 860, 869 (Fla. 2d DCA 2006).
*Factory Direct Tires, Inc. v. Cooper Tire & Rubber Co.,* 2011 U.S. Dist. LEXIS 159599, *19 (N.D. Fla. 2011)
*Diamond Resorts Int'l, Inc. v. Aaronson,* 371 F. Supp. 3d 1088, 1115 (M.D. Fla. 2019) *Economakis v. Butler & Hosch, 2014* U.S. Dist. LEXIS 26779, *6-7 (F.D. Fla. 2014) (citing *PNR, Inc. v. Beacon Prop. Mgmt., Inc.,* 842 So.2d 773, 777 (Fla. 2003))
*Gibson v. Resort at Paradise Lakes, LLC, 2017* U.S. Dist. LEXIS 125980, *10 (M.D. Fla. 2017)

GRANTED: ____________

DENIED: ____________

MODIFIED: ____________

WITHDRAWN: ____________

DEFENDANT'S PROPOSED JURY INSTRUCTION #17 (CONTESTED)

MR. SUSSMAN has raised the defense of waiver. To establish this defense, MR. SUSSMAN must prove:

1. The WYNDHAM PARTIES' had no obligation to release its timeshare owners of any contractual obligations and could have pursued their legal remedies against those timeshare owners;

2. The WYNDHAM PARTIES knew or should have known that they had the right to enforce their contracts; and

3. The WYNDHAM PARTIES freely and intentionally gave up their right to enforce any such contract and pursue any other legal remedies each time they executed a release for MR. SUSSMAN's timeshare owners.

A waiver may be oral or written or may arise from conduct which shows that the WYNDHAM PARTIES gave up that right. If MR. SUSSMAN proves the above, then he is not liable to the WYNDHAM PARTIES for any contracts where he secured a release for the owner.

Authority: *416.30 – Florida Standard Jury Instructions*

GRANTED: ____________

DENIED: ____________

MODIFIED: ___________

WITHDRAWN: ___________

DEFENDANT'S PROPOSED JURY INSTRUCTION #18 (CONTESTED)

MR. SUSSMAN has raised the defense of estoppel. To establish this defense, MR. SUSSMAN must prove:

1. The WYNDHAM PARTIES took action by negotiating directly with MR. SUSSMAN and executing releases which released MR. SUSSMAN's timeshare owners from all obligations under any contracts with the WYNDHAM PARTIES;

2. MR. SUSSMAN relied in good faith upon the WYNDHAM PARTIES' words and actions in negotiating with him and reaching resolutions with him for his timeshare owners; and

3. MR. SUSSMAN's reliance on this course of dealing caused him to continue to negotiate with WYNDHAM, who freely continued those negotiations, but now seeks to hold MR. SUSSMAN liable for those same negotiations.

If MR. SUSSMAN proves the above, he is not liable to the WYNDHAM PARTIES.

Authority: 416.33 – Florida Standard Jury Instructions

GRANTED: ___________

DENIED: ___________

MODIFIED: ___________

WITHDRAWN: ___________

PROPOSED JURY INSTRUCTION # 19

Punitive Damages

There is an additional claim in this case that you must decide. If you find for the WYNDHAM PARTIES and against MR. SUSSMAN, you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to MR. SUSSMAN and as a deterrent to others.

The trial of the punitive damages issue is divided into two parts. In this first part, you will decide whether the conduct of MR. SUSSMAN is such that punitive damages are warranted. If you decide that punitive damages are warranted, we will proceed to the second part of that issue during which the parties may present additional evidence and argument on the issue of punitive damages. I will then give you additional instructions, after which you will decide whether, in your discretion, punitive damages will be assessed and, if so, the amount.

The WYNDHAM PARTIES claim that punitive damages should be awarded against MR. SUSSMAN for his conduct in conspiring to tortiously interfere with certain of the WYNDHAM PARTIES's timeshare contracts. Punitive damages are warranted against MR. SUSSMAN if you find by clear

and convincing evidence that MR. SUSSMAN was guilty of intentional misconduct or gross negligence, which was a substantial cause of the damage to the WYNDHAM PARTIES. Under those circumstances you may, in your discretion, award punitive damages against MR. SUSSMAN. If clear and convincing evidence does not show such conduct by MR. SUSSMAN, punitive damages are not warranted against MR. SUSSMAN.

"Intentional misconduct" means that MR. SUSSMAN had actual knowledge of the wrongfulness of the conduct and that there was a high probability that injury or damage to the WYNDHAM PARTIES and, despite that knowledge, he intentionally pursued that course of conduct, resulting in injury or damage.

"Gross negligence" means that MR. SUSSMAN's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. As I have already instructed you, "greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

In deciding the issue of punitive damages, you may consider any harm MR. SUSSMAN conduct caused the WYNDHAM PARTIES.

You have also heard evidence of harms MR. SUSSMAN's conduct allegedly caused to persons other than the WYNDHAM PARTIES.

You may consider harms that MR. SUSSMAN's conduct caused to persons other than the WYNDHAM PARTIES in deciding the reprehensibility or wrongfulness of MR. SUSSMAN's conduct only if the harms suffered by those other persons were caused by the same or similar conduct of MR. SUSSMAN that harmed the WYNDHAM PARTIES.

However, you may not punish MR. SUSSMAN for any harms suffered by persons other than the WYNDHAM PARTIES

You may in your discretion decline to assess punitive damages.

Authority: 503.1 – Florida Standard Jury Instructions

GRANTED: ___________

DENIED: ___________

MODIFIED: ____________

WITHDRAWN: ____________